# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT M. CARMICHAEL, and
KIMBERLEY R. CARMICHAEL,
    Plaintiffs,

    v.                                    Case No. 12-CV-00286

LANDMARK CREDIT UNION, et al.,
    Defendants.

## DECISION AND ORDER

    Pro se plaintiffs Robert and Kimberley Carmichael filed this action pursuant to 42 U.S.C. § 1983 asserting that they were unlawfully deprived of their property when a Wisconsin state court issued a judgment allowing their car to be repossessed. Before me now is plaintiff Robert Carmichael's motion to withdraw from the case and plaintiff Kimberly Carmichael's motion to proceed in forma pauperis.

    The facts alleged in the complaint are as follows: On November 15, 2006, plaintiff Robert Carmichael signed a loan agreement for the purchase of a car. The loan was with Landmark Credit Union ("Landmark"), and it gave Landmark the right to repossess plaintiffs' car if they failed to make the required payments on the loan. On December 10, 2009, Landmark filed a small claims replevin action seeking possession of the vehicle pursuant to the terms of the loan agreement. Landmark was represented by Michael Sosnay and Mark Darnieder from the law firm of Darnieder & Geraghty in Milwaukee, Wisconsin. The case was heard by Judge John Siefert, who sits on the Milwaukee County Circuit Court. Judge Siefert entered judgment in favor of Landmark. Plaintiffs filed a motion

for reconsideration, which was denied by Judge Jane Carroll. Plaintiffs then filed an appeal with the Wisconsin Court of Appeals, which was denied by Judge Patricia Curley and Judge Joan Kessler. Plaintiffs are now suing Landmark, its attorneys, and all of the state court judges involved in this case under 28 U.S.C. § 1983. Plaintiffs allege that they were deprived of their Fourteenth Amendment rights to due process and equal protection of the law. The complaint also raises several possible state law claims, including a claim under the Wisconsin Consumer Act, a claim for unjust enrichment and a claim for intentional infliction of emotional distress.

I will grant Robert Carmichael's motion to dismiss his claims and withdraw from the case. Federal Rule of Civil Procedure 41(1)(A)(I) allows a plaintiff to voluntarily dismiss his or her claims before the opposing party has filed an answer, and no answer has been filed in this case. Thus, Kimberley Carmichael is the only remaining plaintiff and all references to "plaintiff" throughout the rest of this opinion will be to her.

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). However, plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Section 1915 is meant to ensure indigent litigants meaningful access to federal courts, *Nietzke v. Williams*, 490 U.S. 319, 324 (1989), and it applies to both nonprisoner plaintiffs and to plaintiffs who are incarcerated. *Floyd v. United States Postal Serv.*, 105 F.3d 274, 275–77 (6th Cir. 1997) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed in forma pauperis under § 1915(a)."). Under § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an

affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff has filed the required affidavit of indigence. Upon review of that affidavit, I am satisfied that plaintiff meets the poverty requirements of 28 U.S.C. § 1915. Plaintiff states that she and her husband are both unemployed and that they have only $400.00 in savings and fixed monthly expenses in excess of $2000.00. Additionally, plaintiff has stated the nature of this § 1983 action and asserted her belief that she is entitled to redress. Therefore, I will grant her request to proceed in forma pauperis.

I will also, however, dismiss the complaint for failure to state a claim upon which relief can be granted. This court has the power "to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)(B)). I can dismiss a complaint if it either fails to state a claim upon which relief can be granted or is legally "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B). A complaint should be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff cannot prove any facts that would entitle her to relief. *Wilson v. Price*, 624 F.3d 389, 391–92 (7th Cir. 2010). In assessing the complaint, I take all of plaintiff's allegations as true and, because she is proceeding pro se, I give the complaint a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

I find that dismissal of the complaint is appropriate in this case because plaintiff has failed to allege that any of the defendants violated her federal rights. Plaintiff brings this lawsuit under 42 U.S.C. § 1983, which prohibits an individual acting under color of state

law from depriving a person of a right secured by federal law. She claims defendants violated § 1983 by depriving her of her Fourteenth Amendment rights to equal protection and due process, but the factual basis for this claim is unclear. At best, plaintiff is claiming that the state courts transferred ownership of her car to Landmark without providing constitutionally sufficient procedures. However, she admits that the state courts gave her and her husband a couple different opportunities to object to the transfer of the vehicle before it took place. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965))). Not only did the circuit court hold a trial on Landmark's claim, but plaintiff and her husband were permitted to appeal the circuit court judge's finding against them to the Wisconsin Court of Appeals. Thus, she has not stated a valid claim for relief under § 1983, and her federal claim must be dismissed.

Since I am dismissing plaintiff's federal claim, I will also decline to exercise supplemental jurisdiction over the state law claims raised in the complaint. *See* 28 U.S.C. § 1367(c)(3) (allowing a district court to decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it had original jurisdiction.").

**THEREFORE, IT IS ORDERED** that plaintiff Robert Carmichael's motion to dismiss his claims against defendants and withdraw from the case [DOCKET #8] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff Robert Carmichael's motions to proceed in forma pauperis [DOCKET #6, 9] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff Kimberley Carmichael's motion to proceed in forma pauperis [DOCKET #10] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff has until **November 19, 2012** to **AMEND** her complaint if she wishes to do so.

Dated at Milwaukee, Wisconsin this 19th day of October 2012.

                        s/ Lynn Adelman

                        _____
                        LYNN ADELMAN
                        District Judge